UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


DEBORAH A CARTER,                                             6:13-cv-01734-TC

                  Plaintiff,

                                                FINDINGS & RECOMMENDATION

      v.

AETNA LIFE INSURANCE COMPANY,

                  Defendant.

COFFIN, Magistrate Judge:

      This action is brought pursuant to the Employee Retirement Income Security Act (ERISA) and involves a claim for supplemental life insurance benefits.[1] Plaintiff alleges such benefits were incorrectly denied by defendant Aetna Life Insurance Company. Plaintiff commenced the action in Lane County Circuit Court and it was removed to this court on the basis of diversity and federal question jurisdiction.

## FACTS

      Plaintiff's husband, Timothy Carter, was employed by Weyerhaeuser, and was a participant in the group life insurance plan issued by Aetna to Weyerhaeuser. The plan included

---

[1] Plaintiff concedes his state claims are preempted by ERISA, and as such, are converted to one ERISA claim brought pursuant to 29 U.S.C. § 1132(a)(1)(b).

Page 1 – FINDINGS & RECOMMENDATION

mandatory Basic Life Insurance (BLI) coverage and voluntary Supplemental Life Insurance (SLI) coverage. In or around late October of 2009, Mr. Carter enrolled in BLI coverage for $82,400 and elected to obtain $164,800 of SLI coverage.

In November of 2009, Mr. Carter was diagnosed with cancer and became disabled. Due to his disability, Mr. Carter was unable to work after November 20, 2009. On February 23, 2010, SHPS[2] – a third party administrator – informed Mr. Carter that he was eligible to continue his coverage. AR 93. At that time, Mr. Carter was incapacitated due to his disability and was unable to complete the necessary election form SHPS required. On April 16, 2010, Aetna Life Insurance Company sent Mr. Carter a letter which indicated that in the event that Mr. Carter became permanently and totally disabled, his life insurance benefits would continue. AR 60. The letter required certain documentation to be provided by November 20, 2011. Mr. Carter passed away on August 23, 2010. Mr. Carter did not submit the requested documentation prior to his death.

On August 31, 2010, plaintiff submitted a claim for the life insurance proceeds that were due under the plan. Aetna paid $82,400, the BLI coverage amount, to plaintiff in October. On August 8, 2013, plaintiff made a claim for $164,800, the SLI coverage amount. Aetna denied this claim in a letter dated September 24, 2013. Aetna stated in the letter that the reason it denied plaintiff's claim was that Mr. Carter had retired on March 16, 2010 and therefore his coverage had ended that month on March 31, 2010.

## STANDARD OF REVIEW

I.   *De Novo Review*

The parties agree that the standard of review in this action is *de novo*.

---

[2] Plaintiff voluntarily dismissed claims against SHPS without prejudice (#13).

Page 2 – FINDINGS & RECOMMENDATION

## II.   Summary Judgment

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. Rivera v. Phillip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. Id. The court reviews evidence and draws inferences in the light most favorable to the non-moving party. Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006) (quoting Hunt v. Comartie, 526 U.S. 541, 552 (1999)). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

## DISCUSSION

### I.   Overview

As discussed subsequently, there is a genuine issue of material fact as to whether Mr. Carter retired. Plaintiff argues that even if Mr. Carter did retire, he was still eligible for SLI coverage. Such argument fails, and, as discussed in more detail below, this action should proceed to trial.

### II.   Eligibility for Supplemental Life Insurance

Plaintiff alleges that Mr. Carter remained eligible for SLI coverage until his death because he was disabled. Plaintiff relies on the language of the Plan which states "[s]hould you become permanently and totally disabled while covered under Basic Life Insurance, Your ... Supplemental Life Coverage may be continued for the length of your disability or to your 65th

birthday, whichever occurs first, provided you continue to make the required contributions." AR 7. The plan also specifies four conditions which terminate coverage for a disabled employee. AR 5. Because retirement was not included in the four listed circumstances which cease continuing coverage, plaintiff argues that even if Mr. Carter did retire, he was still eligible for SLI coverage.

However, defendant correctly notes that the Plan also contains language, found under the "Employee" sub-section within the "Eligibility" section, which states "Your Supplemental Life (Voluntary Group Life) coverage ceases on the last day of the month in which you retire." AR 4. Plaintiff argues there is an ambiguity between this clause and the Plan's statements regarding continuing coverage for fully disabled employees. As discussed below, this argument is not persuasive.

In order to determine eligibility under any ERISA plan, the court must first look to the plain meaning of the plan language. Threadgill v. Prudential Sec. Group, 145 F.3d 286, 292 (5th Cir. 1998). Each provision of an ERISA plan must also be "interpreted consistent with the entire document, and only if a plan is ambiguous, should a court 'examine extrinsic evidence to determine the intent of the parties.'" Dunner v. Univ. of So. Cal. LTD Plan, 770 F. Supp. 2d 1054, 1061-62 (C.D. Cal. 2011)(quoting Gilliam v. Nevada Power Co., 488 F.3d 1189, 1194 (9th Cir. 2007)).

Here, under the plain meaning of the Plan, there is a general provision that applies to all employees. The provision states that if an employee retires, then SLI coverage ceases on the last day of the month in which the employee retires. AR 4. Plaintiff is correct in asserting that there is also another provision of the Plan which allows a permanently and totally disabled employee to continue SLI coverage. AR 7. However, contrary to plaintiff's argument, these two sections

Page 4 – FINDINGS & RECOMMENDATION

are compatible. An employee, under the Plan, could become permanently and totally disabled and still be eligible for continuing coverage. If that same disabled employee retires, then coverage would cease under the clear language of the Plan. Thus, the two provisions of the Plan are compatible and there is not an ambiguity in the Plan. Therefore, extrinsic evidence need not be considered for the purpose of determining this motion. See Richardson v. Pension Plan of Bethlehem Steel Corp., 117 F.3d 982, 985 (9th Cir. 1997).

It is undisputed that Mr. Carter became permanently and totally disabled on November 20, 2009. Therefore, at the time of his disability, Mr. Carter was eligible to continue SLI coverage under the Plan. The issue then becomes whether Mr. Carter retired on March 16, 2010, as defendant alleges, and thus became ineligible for continuing SLI coverage.

### III.  Retirement

Defendant alleges that Mr. Carter retired on March 16, 2010. Plaintiff disagrees and argues that even though Mr. Carter stopped working, he was still considered a disabled, non-retired employee by Weyerhaeuser. Thus, plaintiff concludes, Mr. Carter was entitled to SLI benefits.

Defendant's argument is based, in part, on a COBRA continuing health care coverage election form dated March 29, 2010. AR 193. This form indicates that Mr. Carter was eligible, and did elect, to receive COBRA health care continuation coverage. Id. Mr. Carter signed the form and dated it May 12, 2010. Defendant argues that the form also proves that Mr. Carter was retired. The relevant portion of the form is a line that states, "Qualifying Event: Retirement – Involuntary." Defendant's Reply (#15) at 3. The form also indicates that the "Qualifying Event Date" was March 16, 2010. Id. The notice accompanying that form also states that the "Qualifying Event" was "Retirement – Involuntary." AR 196.

Page 5 – FINDINGS & RECOMMENDATION

While the COBRA form and letter weigh in favor of defendant's argument that Mr. Carter was retired, the analysis does not end there. Defendant has failed to present any evidence contradicting plaintiff's argument and evidence that Mr. Carter was considered an employee by both Weyerhaeuser and Aetna because he was included on the Weyerhaeuser disability report sent to Aetna in April of 2010. AR 296. The report suggests that both Weyerhaeuser and Aetna considered Mr. Carter to be a disabled employee. If Mr. Carter had retired on March 16, 2010, it stands to reason that he would not have been included in the April 2010 disability report. This is especially true when drawing all inferences in favor of plaintiff, the non-moving party.

Defendant, as the moving party, has not met its burden of showing that no genuine issue of material fact exists in this case. The April disability report with Mr. Carter's name on it would be evidence that a reasonable finder of fact could rely on to determine that Mr. Carter was employed, and not retired, at the time of his death. Thus, defendant's motion (#10) for summary judgment should be denied and this action should proceed to trial.

The procedural aspects of a trial and rationale thereof are set forth at length in Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999). For example, the Kearney Court stated, "the record that was before the administrator furnishes the *primary* basis for review." Id. at 1090 (emphasis added). The Court went on,

> [i]n Mongeluzo, we held, following the Fourth Circuit in Quesinberry v. Life Insurance Company, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc), that the district court had discretion to allow evidence that was not before the plan administrator 'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review.' Mongeluzo, 46 F.3d at 944 (quoting Quesinberry, 987 F.2d at 1025) (internal quotation marks omitted). Though we allowed consideration of additional evidence because of circumstance peculiar to that case, we emphasized that 'a district court should not take additional evidence merely because someone at a later time comes up with new evidence' and '[i]n most cases' only the evidence that was before the plan administrator should be considered.

Id. at 1090-91. One of the purposes of ERISA is to adopt a "policy 'to increase the likelihood' that beneficiaries 'will receive their full benefits' and 'to maintain the premium costs of such [a] system at a reasonable level.'" Id. at 1094 citing 29 U.S.C. § 1001b(c)(3),(5). "The Supreme Court has reminded us of 'the public interest in encouraging the formation of employee benefit plans' and also 'the need for prompt and fair claims settlement procedures.'" Id. citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Kearney Court held that

> a full trial de novo in any ERISA dispute where there was a genuine issue of fact as to whether the individual qualified for a benefit would undermine these policies. Trial *de novo* on new evidence would be inconsistent with reviewing the administrator's decision about whether to grant the benefit. The means that suggests itself for accomplishing trial of disputed facts, while preserving the value of the fiduciary review procedure, keeping costs and premiums down, and minimizing diversion of benefit money to litigation expense is trial on the administrative record, in cases where the trial court does not find it necessary under Mongeluzo to consider additional evidence.
> 
> Although Rule 43(a) requires that 'testimony' be taken in open court, the record should be regarded as being in the nature of exhibits, in the nature of documents, which are routinely a basis for findings of fact even though no one reads them out loud. We have affirmed bench trials on records in other cases. See Adair v. Sunwest Bank (In re Adair), 965 F.2d 777, 779 (9th Cir. 1992). A majority of us conclude that, in its discretion guided by Mongeluzo, the district court may try the case on the record that the administrator had before it.

Id. at 1094-95 (footnote omitted). Further, the district judge will be bound by "the established principles that ambiguities are construed in favor of the insured. Mongeluzo v. Baxter Travenol LTD Benefit Plan, 46 F.3d 938, 942 (9th Cir. 1995)."

The court in Kearney raised the important question of whether a bench trial held by the same judge who decided the motion for summary judgment is merely a formality. Id. The court reasoned that the judge will be asking different questions when examining the evidence, and not be limited to determining whether a genuine issue of material fact exists. Id. As a result, the judge will be performing a much different analysis. "The district judge will retain discretion to

Page 7 – FINDINGS & RECOMMENDATION

decide, subject to Mongeluzo, whether in order to answer this different question, he should take additional evidence." Id. at 1095.

## MOTION TO SUPPLEMENT THE RECORD

Defendant's motion to supplement the record is brought under the theory that the term "Retirement – Involuntary", taken from the COBRA election letter and form, is ambiguous and therefore further evidence is needed to assist the court in its *de novo* review. In ERISA actions governed by the *de novo* standard of review, generally only the administrative record is admitted into evidence, but the court may, at its discretion, admit extra-record evidence. Mongeluzo v. Baxter Travenol LTD Benefit Plan, 46 F.3d at 943-44). The question before this court presently is whether there is a genuine issue of material fact regarding whether Mr. Carter had retired from Weyerhaeuser and had therefore lost SLI coverage under the terms of the Plan. Because there is sufficient evidence in the record which raises a genuine issue of material fact, the court need not exercise its discretion to seek additional evidence at this time. The motion (#17) to supplement the record should thus be denied without prejudice.

## CONCLUSION

For the reasons stated above, defendant Aetna's motion (#10) for summary judgment should be denied. Defendant Aetna's motion (#17) to supplement the record should be denied without prejudice and this action should proceed to trial. The procedural aspects of a trial and rationale thereof are set forth in Kearney.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

Page 8 – FINDINGS & RECOMMENDATION

recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 10th day of December, 2014.

                                                                                        _____
                                                                                        THOMAS M. COFFIN
                                                                                        United States Magistrate Judge